**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1774**

KAREN YOHANA GARCIA-FUENTES,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 22, 2018                    Decided: April 6, 2018

Before DUNCAN, AGEE, and FLOYD, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

John T. Riely, Rockville, Maryland, for Petitioner. Chad A. Readler, Principal Deputy Assistant Attorney General, Carl McIntyre, Assistant Director, Sharon M. Clay, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karen Yohana Garcia-Fuentes, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's (IJ) denial of her requests for asylum and withholding of removal.[*]

Before the immigration judge, Garcia-Fuentes claimed to have a well-founded fear of persecution in Honduras on account of her imputed political opinion and her membership in a particular social group that she defined as "young, unprotected entrepreneurial moms in Honduras expressly opposed to gang practices, principles, and values and who wish to protect their own health and safety and welfare as well as that of their families from such practices, principles, and values." The agency also sua sponte considered Garcia-Fuentes' eligibility for relief based on her membership in the particular social group of her family.

Before this court, however, Garcia-Fuentes advances a different protected ground in order to establish her eligibility for relief. Abandoning the grounds she presented before the agency, she now argues that the gangs sought to persecute her on account of her membership in the particular social group of merchants. We lack jurisdiction over Garcia-Fuentes' new claims, which were not properly exhausted before the Board. *See* 8 U.S.C. § 1252(d)(1) (2012) ("A court may review a final order of removal only if . . . the alien has

---

[*] Garcia-Fuentes does not appeal the agency's denial of her request for protection under the Convention Against Torture (CAT), conceding that "no good faith basis for relief under CAT exists."

exhausted all administrative remedies available to the alien as of right."); *Kporlor v. Holder*, 597 F.3d 222, 226 (4th Cir. 2010) ("It is well established that an alien must raise each argument to the [Board] before we have jurisdiction to consider it." (internal quotations omitted)). Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*